**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Rosenbaum, | No. CV-22-02072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

Currently pending before the Court are Defendants Bank of America and Sedgwick Claims Management Services' ("Sedgwick") Motion to Dismiss and Motion for a More Definite Statement to which Defendant Metropolitan Life Insurance Co. ("MetLife") joins (Docs. 16, 19). The Plaintiff responded, (Doc. 26), and Defendants replied to Plaintiff. (Doc. 27). The Court now rules on the motions.

**I.    FACTUAL BACKGROUND**

The following summary of facts is taken from the Complaint and attachments thereto. In deciding a motion to dismiss for failure to state a claim, the Court must construe the facts alleged in the Complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Plaintiff Levi Rosenbaum filed his Complaint with against Defendants Bank of America, Sedgwick, and "Metlife Services and Solution" ("MetLife") on December 8, 2022. (Doc. 1). Attached to his Complaint was a letter of his Right to Sue issued by the

1  United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 10) Plaintiff
2  is a former employee of Bank of America. (*Id.*) He alleges that Bank of America refused
3  to promote him despite him being "highly skilled[,] educated and licensed[,] and
4  consecutively awarded for top performance." (*Id.* at 6). Plaintiff asserts that the only reason
5  he was not promoted was due to his manager knowing of his religion and not agreeing with
6  it. (*Id.*) He also alleges that other, younger peers were promoted over him and that Bank of
7  America "had [an] unfair practice of hiring young friends of the hiring managers and self-
8  promotion of the manager group." (*Id.*)

9  Eventually Plaintiff alleges that he went to the senior manager to voice complaints
10 of discrimination but was told he was not promoted due to "a mere inefficiency of job
11 mobility." (*Id.*) At that meeting, Plaintiff reportedly expressed that his health was failing
12 due to longstanding discrimination, and he was allegedly told to take a leave of absence
13 and that he qualified to receive paid benefits. (*Id.*) Plaintiff then took a leave of absence
14 and alleges he was "denied expected benefits, his insurance revoked, and access to needed
15 health care removed." (*Id.* at 7). Eventually, Plaintiff was terminated. (*Id.*) He alleges his
16 firing was wrongful and retaliatory after "they received [his] disability note." (*Id.*) Plaintiff
17 also alleges violations of the Health Insurance Portability and Accountability Act
18 ("HIPAA"). (*Id.*)

**II.  Motion to Dismiss**

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Defendants argue that Plaintiff's claimed HIPAA violations must be dismissed because "[t]he Ninth circuit has expressly held there is no private right of action under HIPAA." (Doc. 16 at 4). The Court agrees with Defendants. There is no private right of action for Plaintiff to rectify any alleged violation of HIPAA. *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) ("HIPAA itself provides no private right of action." (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)); *see also* 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action."). Thus, the Court grants Defendants' Motion to Dismiss Plaintiff's HIPAA claim.

### III. Motion for a More Definite Statement

Defendants move for a more definite statement under Rule 12(e). (Doc. 16 at 2). Rule 12(e) permits a party to move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) is designed to attack unintelligibility rather than a lack of detail. *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994). In a properly pleaded complaint, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Defendants argue that Plaintiff's Complaint requires a more definite statement in two ways: (1) "as to what specific injuries Plaintiff attributes to Bank of America, Sedgwick, and MetLife, individually, and what damages he is claiming from each" and (2) "Plaintiff's allegations regarding benefits, employment discrimination, and retaliation are vague and ambiguous as to the benefit plan(s), statutory provisions, and conduct upon which Plaintiff is basing his complaints." (Doc. 16 at 5).

In his Response to Defendants' Motion to Dismiss and Motion for a More Definite Statement, Plaintiff does not actually respond to Defendants' argument in their motion. He instead attempts to clarify the allegations in his Complaint and states that it "gave specific claim[s] on the individual violations." (Doc. 27 at 1). Plaintiff states that "each party is

called up in this lawsuit for their part in Bank of America breach of contract to administer promised benefits." (*Id.* at 2). The Court agrees with Defendants that the Complaint does not meet the requirements of Rule 8(a) and is so vague and ambiguous that Defendants cannot form an appropriate response. While giving some background, the Complaint does not contain short and plain statements of the grounds for Plaintiff's claims for relief. Plaintiff does not point to specific relief desired from each Defendant or how that relief ties to a specific claim being asserted. *See McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) ("Plaintiff's [sic] complaint fails to comply with the court's directive to explain clearly how each defendant is implicated by plaintiffs' allegations.") Plaintiff must identify which of the three Defendants is responsible for which alleged conduct. Further, the Complaint does not specifically identify what state or federal statute or constitutional provision Defendants allegedly violated for the retaliation claim.

Finally, Plaintiff requests the Court "wait for approval [of Social Security benefits] and payments to facilitate an attorney for this current matter which would give this court efficient responses." (Doc. 26 at 2). The process of applying for and receiving Social Security benefits can sometimes take years. This Court cannot delay proceedings in this matter to wait for benefits that would arrive in an unknown time frame, if at all.

Based on the foregoing analysis, The Court grants Defendants' Motion for a More Definite Statement and hereby orders Plaintiff to file an Amended Complaint within fourteen (14) days of the date of this Order. The Amended Complaint shall comply with the requirements of Federal Rules of Civil Procedure 8(a) and 10(b) and shall set forth the factual bases for Plaintiff's claims. Plaintiff's Amended Complaint should: (1) specify each claim Plaintiff asserts as a separate claim; (2) for each claim identify the Defendant who is liable for the claim, including appropriate factual detail to support the assertion; and (3) provide a more detailed statement as to the basis of Plaintiff's retaliation claim, including under which law Plaintiff seeks relief. The amended complaint <u>should not</u> include any assertion of a HIPAA claim because Plaintiff does not have a private right of action under HIPAA.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** GRANTING Defendants' Motion to Dismiss (part of Doc. 16 and Doc. 19) Plaintiff's HIPAA claim.

**IT IS FURTHER ORDERED** GRANTING Defendants' Motion for a More Definite Statement (part of Doc. 16 and Doc. 19).

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint that meets the requirements set out above within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within fourteen (14) days, this case will be dismissed for failure to state a claim and the Clerk of the Court shall enter judgment accordingly.

Dated this 3rd day of November, 2023.

James A. Teilborg
Senior United States District Judge