Levi Rosenbaum

1639 E Chelsea Ln Gilbert, AZ 85295

levirosenbaum@gmail.com

Pro se'

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Levi Rosenbaum,                                        No. CV-22-02072-PHX-JAT

          Plaintiff,

v.

Bank of America, NA, Sedgwick Claims

Management Services, MetLife Services

and Solution,

          Defendants.

                               PLAINTIFFS AMENDED COMPLAINT

Plaintiff offers the requirements asked for in 4 sections. Section 1 Claims Separated and how each defendant is implicated by plaintiffs' allegations in parentheses. Section 2 Factual Allegations. Section 3 a more detailed statement as to the basis of Plaintiff's retaliation claim, including under which state or federal statute or constitutional law Plaintiff seeks relief. Section 4 Relief demanded

Plaintiff emailed Defendants requesting dates Sedgwick and MetLife were employed by BAC to provide insurance and leave coverage because of the overlap while they changed providers. Defendants' response is in #25.

**Section 1 CLAIMS**

Bank of America   Claims 1-6 are alleged against Plaintiffs former employer Bank of America (numbered factual allegations that support it)

Claim 1 Wrongful Termination (1, 10,29,30,31, see also section 3)

Claim 2 Retaliation: including Retaliation Firing, Retaliation Leave, and Retaliation removal of disability accommodation breaks. Retaliation denial of benefits, Retaliation closure of financial accounts, (12, 13, 15-19, 20, 21, 24, 29,30-36, see also section 3)

Claim 3 Discrimination based on Disability (8,12,13,16-19,29-31,34-37)

Claim 4 Discrimination based on Religion (11,12,34)

Claim 5 Discrimination based on age and gender (1-6,34)

Claim 6 Unfair hiring and promotion practices (1-11,14-16,32-34)

MetLife   Claims 7-8 are alleged against Bank of America's former leave administrator MetLife)

Claim 7 Negligence (26)

Claim 8 Wrongful denial of leave benefits short and long term (21-30,35)

Claim 9 Failure to consider evidence of limitations claimant submitted (26-30)

Sedgwick Claims 9-10 are alleged against Sedgwick Bank of America's leave administrator

Claim 10 Negligence (27)

Claim 11 Failure to consider evidence of limitations claimant submitted (26-30)

Claim 12 Wrongful denial of leave benefits short and long term (21-30,35)

**SECTION 2 Appropriate factual detail to support the assertion**

Factual Allegations

1) Plaintiff worked for Bank of America BAC May 2015 – Jan 2021.

2) Plaintiff was placed in a role by manager discretion opening accounts.

3) Plaintiff had high credentials, securities and insurance licenses, and a master's degree MBA from top tier school. After awarded top performer for several months, plaintiff should have been able to move forward in his career and posted out but was unable to get any job promotion.

4) Plaintiff watched other peers and managers enjoy job promotion mobility every 6 months or yearly. In early 2019 a younger female colleague was offered the job instead of plaintiff who had all the required securities licenses needed while she had none. In 2020 another instance plaintiff trained a different female colleague friend who then was promoted over plaintiff after training.

5) Plaintiff notified management of unfair hiring and promotion practiced by managers who enjoyed the most job mobility among themselves. Job rotation and promotion occurred at a 10 to 1 higher efficiency among managerial staff and their friends compared to plaintiff.

6) BAC has a mentorship program. Plaintiff made effort to seek mentorships of those in managerial roles to help him have job mobility but he received no response. Plaintiff sought a QA role under David Sorenson and was interviewed 3 times within 3 years but younger female received the promotion. David ignored Plaintiffs emailed request to assist with him in a mentorship way. Several female colleagues' friends of Plaintiff suggested mentorships to him because they were granted mentorships by management that led to job promotions.

7) 2019 -2023 Plaintiff began managerial disability accommodations for gastrointestinal bleeding anxiety and depression symptoms. An accommodation was given the key to the health room to deal with daily symptoms.   2021 Plaintiff suffered with symptoms of speech difficulty memory issues and greater digestion problems which demanded increased breaks and time off. Parkinsons disease was diagnosed eventually which symptoms he suffered during employment.

8) In 2019 Plaintiff experienced disability discrimination when his manager Stark saw plaintiff go to the restroom and screamed at him to come back to take calls- humiliating him and triggering cortisol and blood thinning increasing gastrointestinal bleeding depression and anxiety. Violating ADA Title I.

9) Plaintiffs' humiliation manifested in physical illnesses being left behind yearly seeing new teammates and 10 new managers rotate and come and go while plaintiff was held back like a third-grader who belonged in high school but was held back – watching those less-qualified move up.

10) Bank of America continued to unfairly rotate managers yearly violating EEOC laws. Plaintiff complained he had 10 managers with unfair job mobility at the expense of plaintiff. Each manager moved out of the role being promoted before helping plaintiff realize any job mobility. Each manager heard plaintiff complain privately and publicly at meetings his concern of the EEOC violations of fair hiring and promoting.

11) 2019-2020 Plaintiff was discriminated based on religion by manager Karla Butler while asking her why he has not been promoted and for her help to get promoted. Karla stated a phrase on multiple occasions. (That she knew of plaintiff's religion and disagrees strongly with it and she has a family member of that faith and that they do not see eye to eye.)  Karla repeated this religious comment on other occasions adding (She does not get along with those of that faith). Plaintiff stopped walking back to her desk for help for promotion because of this.

12) In 10/16/2020 Karla Buttler retaliated against Plaintiff for his complaints of her discrimination by forcing him to stay late and instant messaged him past his scheduled work time making him late

to pick up plaintiffs' children from school. She threatened discipline with yelling tones accused him of lying. Plaintiff did not sleep that weekend and suffered trauma because of it which for months did not leave him.

13) By 2020 -2021 Plaintiff began having speech difficulties with client facing role. Bank of America did not assist him at his request for alleviating his disability by removing him from client facing roles. BAC knowing his disability denied needed disability accommodation to find a better role suited for his disabilities violating Section 503 of the Rehabilitation Act of 1973. Violating ADA Title I.

14)  In Dec 2020 Jeff Brown Plaintiffs 9th manager heard plaintiff's alleging of discrimination and unfair hiring and promotion and agreed it was violating EEOC fair promotion laws and arranged a skip level meeting with Senior manager Shawana Culver.

15) Jan 2023 Plaintiff, manager Jeff Brown and senior manager Shawana Culver met. Plaintiff voiced concerns of violations of unfair hiring and promotion practices and ongoing discrimination.

16) Mrs. Culver treated with impunity Plaintiff's complaints of discrimination stating she was offended by the complaint (suggesting to plaintiff the civil rights act should not apply for males over 40). She acknowledged unfair hiring and promotion practices causing Petitioner being stagnant as an inefficiency. (Meaning there is systematic discrimination at BAC as well as willful discrimination).  The complaints should have been sent upwards and to have been made right however there was no follow-up for the discrimination and unfair hiring and promotion practices. She told plaintiff he should take a leave and qualified for it.

17) Serena Culver was promoted into manager role over Plaintiff at the same time as this meeting occurred. She accommodated Plaintiff with some added disability time and breaks.

18) Within a few weeks after Plaintiffs upper management complaint meeting, Serena sent instant messages to plaintiff removing already granted accommodation breaks saying she received notice that she was not able to continue granting the disability breaks and that it came upper management. Serena Crawfords upper manager at the time was Shawana Culver the same Plaintiff complained to. Violation Section 503 of the Rehabilitation Act of 1973. Violating ADA Title I.

19) When Serena stated BAC choose to remove disability accommodation breaks it meant Plaintiff was compelled to go on leave. Plaintiff closed shop and went on leave March 15 believing he would receive paid leave benefits.

20) Bank of America disabled plaintiff's work station access and told him and to go through MetLife and shortly thereafter Sedgwick to apply for these benefits.

21) BAC was contractually obligated in Arizona to provide plaintiff benefits of: workman's comp, and administrative paid leave benefits. FMLA ERISA Laws.

22) BAC used MetLife from 2015 to Summer 2021 as short-term and long-term benefits leave administrator and insurance for leave coverage. FMLA ERISA Laws.

23) MetLife continues to be long-term benefits administrator. Sedgwick replaced MetLife approximately June 2021 as short-term leave benefits administrator. FMLA ERISA Laws.

24) Plaintiff was contractually entitled to 3 types of Leave benefits and payments:
1 Short term leave benefits of insurance benefits and salary at 100% (duration for I believe up to one year paid by Sedgwick and MetLife)
2 Long term disability benefits of insurance benefits and salary at 70% of salary (duration 1 year and beyond paid by MetLife) and
3 Managerial requested administrative leave: benefits of insurance benefits and salary at 100% paid by Bank of America. (Because it was requested by senior management)

25) Defendant MetLife began as Insurer and leave administrator but was being replaced by Sedgwick on or about spring 2021.
1) The date Sedwick began leave administration duties for Bank of America per Defendants is May 3, 2021.
2) The date MetLife ended leave administration duties for Bank of America per Defendants is May 3, 2021.
3) MetLife and Bank of America started Plaintiffs leave per Defendant: approved by MetLife for unpaid BofA medical /FMLA leave starting on March 16, 2021. That approved leave ended on May 8, 2021.

26) MetLife owed a duty of care to assist plaintiff to receive paid benefits but denied disability short term benefits payment and coverage in a rushed manner.  MetLife within a month and a half denied, closed the claim, and handed it off to Sedgwick as soon as they could before it could be handled properly.

27) Defendant Sedgwick took over leave administration approximately spring summer 2021 and owed a duty of care to assist plaintiff to receive paid benefits.

28) Sedgwick did not assist plaintiff but denied it based on MetLife's botched job and rushed to denial.

29) May 31st 2021 Bank of America received appeal requests for benefits promised him but again denied plaintiff pay and insurance cancelled which dropped Plaintiff from Teladoc services he was receiving; delaying needed medical care. Bank of America stated Plaintiff would need to sue for relief.

30) September 10th 2021 Plaintiff sent updated doctors notes via email in effort to receive promised benefits but Sedgwick stopped communicating with Plaintiff and did not respond. Sedgwick neglected plaintiff help necessary to get benefits enacted. Sedgwick's received updated Doctors note but did not respond. By willful neglect Sedgwick abandoned Plaintiff helpless to maintain an approved leave. Long-term disability coverage was cancelled due to their neglect.

31) October 2021 Bank of America was sent written complaints by plaintiff detailing the unresolved issues and discrimination. Jan 13 2022 soon after receiving the complaint BAC sent Plaintiff a termination letter with no chance for rehire. Plaintiffs colleague friend also left the company near the same time but she was given the option for rehire.

32) Plaintiff filed for EEOC to make complaint that he was discriminated against and fired retaliatory.

33) June 2022 Bank of America sues plaintiff for debt after refusing owed benefits to him.

34) EEOC agreed with right to sue in fall 2022.

35) Feb 3rd 2021 Plaintiff appealed to his former employe. Plaintiffs' physical health declined further by extended civil rights violations. His symptoms led to a diagnosis of Parkinsons after being put on State insurance. Plaintiff's health collapsed while MetLife and Sedgwick denied benefits without care.

36) Plaintiff attributes much of his failing health to injuries from being retaliated and discriminated against by Bank of Americas willful disregard to plaintiff's civil rights.

37) Plaintiff is pending social security disability approval because of the denial of work benefits that were needed. Plaintiff has suffered because of the adverse actions and retaliation of Bank of America.

**Section 3 Retaliation Clarified**

10.10 Civil Rights—Title VII—"Adverse Employment Action" in Retaliation Cases Actions such as firing and demoting are adverse employment actions for purposes of a retaliation claim. Removing needed accommodation for plaintiff's disability at time of complaints to management and Plaintiffs manager stating it came from upper management at the approximate time of Plaintiff meeting with senior management to make complaints of discrimination-gives cause to claim retaliatory adverse employment action because it proximately is tied to Plaintiffs complaint at that meeting.

Employee Plaintiff had protection under these laws and statutes below specifically tied to his bringing to attention the unfair hiring and promotion and discrimination practices to his senior manager.  He thought it to be handled by Bank of America's management team but it was not. Instead, BAC answered with a series of adverse actions persecuting Plaintiff.  Shawana Culver never resolved the complaint but sought to burry it and shut up the voice of Plaintiff and did so by telling Plaintiff take a leave and that he

qualified for it. Next within a very short time of weeks Bank of America spurred Plaintiffs leave by removing already granted disability breaks that Plaintiff relied on.

After beginning the leave plaintiff was cut off from insurance, leave pay, and soon was being threatened that he would be terminated without rehire eligibility.

Bank of Ameria fired plaintiff close in proximity of time to discrimination complaints while refusing benefits. 1) compelled leave and 2) termination and 3) removal of needed ADA disability break time plaintiff needed are all connected and tied to the time of Plaintiffs upper management meeting where he disclosed concerns that Plaintiff's employer was involved in direct violation of federal and Arizona Statute and constitutional protections.  He asserts claims of retaliation because his concerns were met with adverse actions. Plaintiff demands relief for these violations which caused suffering and damages to the life of Plaintiff.

- **Adverse employment actions take many forms.  *See, e.g.*,  *Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 (9th Cir. 2013) (en banc) (considering employee's placement on administrative leave, deprivation of ability to take promotional exam, and loss of pay and opportunities for investigative or other job experience);  *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 500-01, 506 (9th Cir. 2000) (considering low rating on job performance review, decreased job responsibilities, and failure to receive promotions);  *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (discussing layoff); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (considering transfer of job duties and "undeserved" performance ratings); *Ruggles v. Cal. Poly. State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986) (discussing failure to hire); *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012 (9th Cir. 1983) (discussing four-month disciplinary suspension). An employee may not be discharged in retaliation for refusing to commit an act that would violate state law. {CITE: Ariz. Rev. Stat. § 23-1501(3)(c)(i).}**
- **Arizona Employment Protection Act (includes Whistleblower Protection): The Arizona Employment Protection Act (AEPA) is the exclusive remedy for wrongful discharge claims.**
- ***Whistleblower Protection:* An employee may not be discharged in retaliation for disclosing that he has information (or a reasonable belief) that the employer has violated, is violating, or will violate an Arizona statute or constitutional provision. To be protected, this disclosure must be made in a reasonable manner. Also, this disclosure is protected only if made either to the employer (or to a representative of the employer who the employee reasonably believes has the authority to take action) or to a public entity such as a state agency. Notably, disclosures made to media outlets are not protected by the statute. CITE: Ariz. Rev. Stat. § 23-1501(3)(c)(ii).**

- **Discrimination: An employee may not be discharged (or discriminated against) for opposing a discriminatory employment practice. Nor may an employee be discharged (or discriminated against) in retaliation for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Arizona's civil rights laws. These laws prohibit discrimination on the basis of race, color, religion, sex, age, disability and national origin. Ariz. Rev. Stat. § 41-1464.**

- **Citation The following is the text of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, as it appears in volume 42 of the United States Code, beginning at section 2000e. Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. The Civil Rights Act of 1991 (Pub. L. 102-166) (CRA) and the Lily Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2) amend several sections of Title VII. In addition, section 102 of the CRA (which is printed elsewhere in this publication) amends the Revised Statutes by adding a new section following section 1977 (42 U.S.C. 1981), to provide for the recovery of compensatory and punitive damages in cases of intentional violations of Title VII, the Americans with Disabilities Act of 1990, and section 501 of the Rehabilitation Act of 1973.**

- **Executive Order 11246 - Executive Order 11246 requires affirmative action and prohibits federal contractors from discriminating on the basis of race, color, religion, sex, sexual orientation, gender identity, or national origin. Contractors also are prohibited from discriminating against applicants or employees because they inquire about, discuss, or disclose their compensation or that of others, subject to certain limitations.**

- **Section 503 of the Rehabilitation Act - Section 503 of the Rehabilitation Act of 1973 prohibits federal contractors and subcontractors from discriminating in employment against qualified individuals with disabilities and requires employers take affirmative action to recruit, hire, promote, and retain these individuals.**

- **FMLA and ERISA 502 29 U.S. Code § 1132 - Civil enforcement**
- **ADA Title I.**

**Section 4 Relief Demanded**

Bank of America:

1 Defendant Bank of America to pay Plaintiff damages of lost wages from failure to promote, discrimination, unpaid leave, and retaliation firing.

a) The wages to be recalculated from start of employment 2015 with yearly increases of inflation, missed yearly promotions increases and bonus which were denied him from the discrimination and unfair practices of promotion.

b) Lost wages with same yearly increases from leave of absence to present.

2 Defendant to pay plaintiff compensatory and punitive damages for subsequent worsening of symptoms and disabilities and punitive and compensatory damages for wrongful firing of plaintiff in an amount the court deems commensurate to compensate for pain and suffering due to the discrimination and retaliation BAC inflicted on plaintiff.

3 Defendant to pay plaintiff compensatory and punitive damages for suffering emotional and physical for the degrading humiliating experience of being revoked disability accommodation at time of complaints in an amount the court deems commensurate to compensate for pain and suffering.

4 Right to rehire to a position suitable to plaintiffs' needs down the road.

5 Defendant to pay plaintiffs' attorneys fees after plaintiff obtains counsel.

MetLife:

1 Defendant to pay plaintiff punitive damages for neglect as allowed by law.

2 Defendant reinstate coverage to provide retroactive long term disability payments at start of Fall 2021 to present at 70% of income potential had BAC promoted with fair hiring practices which were due Plaintiff. Long Term disability coverage starting from end of court proceedings forward.

3 Backpay of disability short and long term may be forgone if Bank of America pays 100% lost wages for that time.

Sedgwick:

1 Defendant to pay plaintiff punitive damages for neglect as allowed by law.

2 Defendant to provide back pay of lost short-term benefits and pay.

3 Backpay of disability short and long term may be forgone if Bank of America pays 100% lost wages for that time.

If it needs a bit more, please allow for more clarification. My health slows things down for me but this is showing my efforts to meet court requirements for clarification.

Signed, Levi Rosenbaum

11/09/2023