**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Rosenbaum, | No. CV-22-02072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, Sedgwick Claims Management Services, and Metlife Services and Solution, | |
| Defendants. | |

On November 3, 2023, the Court directed Plaintiff to file an amended complaint. (*See* Doc. 28). Plaintiff timely filed a First Amended Complaint. (Doc. 29). Currently pending before the Court is Defendants Bank of America and Sedgwick Claims Management Services' Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. 29), for Failure to State a Claim, joined by Defendant Metlife Services and Solution. (Docs. 30, 31). Plaintiff responded to Defendants' motion, (Doc. 32), but he has filed a Second Amended Complaint, (Doc. 33). Plaintiff did not seek leave of court before filing his Second Amended Complaint.

Federal Civil Rule of Procedure 15(a) provides:
(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading

> only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Ninth Circuit Court of Appeals has held that if a court grants a plaintiff leave to amend—as this Court has done, (*see* Doc. 28)—that does not count as the plaintiff's one "matter of course" amendment. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (reasoning that the ability to amend under Rule 15(a)(1) is not "exhausted or waived once a 15(a)(2) amendment is made"); *see also Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL, 2021 WL 1139847, at *1 (D. Ariz. Mar. 25, 2021) (applying *Ramirez*).

Here, Plaintiff filed the First Amended Complaint with the Court's leave. (*See* Docs. 28–29). Thus, that amendment was made pursuant to Rule 15(a)(2). Plaintiff could "thereafter utilize his one matter of course amendment under 15(a)(1)." *Ramirez*, 806 F.3d at 1007. Under that provision, Plaintiff may amend his complaint "within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Because Plaintiff filed his Second Amended Complaint seventeen days after Defendants' renewed Rule 12(b) motion (Doc. 30), Plaintiff timely filed his Second Amended Complaint. Thus, the Court concludes that Plaintiff was permitted to file the Second Amended Complaint, (Doc. 33), as a matter of course.[1]

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Docs. 30, 31) is **DENIED** as moot.

/ / /

/ / /

---

[1] It should be noted that in future cases, Plaintiff must comply with the Local Rules of Civil Procedure. Pursuant to the Local Rules, when a plaintiff files an amended complaint as a matter of course, the plaintiff must indicate how the amended complaint differs from the complaint that it amends. Plaintiff has not done so here. The Court reminds Plaintiff that compliance with the Local Rules is mandatory, even for *pro se* litigants, and failure to comply may result in denial of motions or dismissal of the case. See *Lachcik v. Maricopa Cnty. Bd. of Comm'rs*, No. CV-15-02318-PHX-DGC, 2016 WL 4367138, at *2 (D. Ariz. Aug. 16, 2016). That said, the Court applies the "extreme liberality" policy of favoring amendments to pleadings and concludes the Second Amended Complaint the operative complaint in this matter. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

1   **IT IS FURTHER ORDERED** Defendants will have fourteen (14) days from the
2   date of this Order to respond to Plaintiff's Second Amended Complaint.
3   Dated this 20th day of December, 2023.

James A. Teilborg
Senior United States District Judge