**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Rosenbaum, | No. CV-22-02072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend/Correct Second Amended Complaint, (Doc. 55), Defendants' 41(b) Motions to Dismiss, (Docs. 53, 58), Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. 35), and Defendants' Motion to Strike Response, (Doc. 62). The Court now rules.

**I.      Plaintiff's Motion to Amend/Correct Second Amended Complaint**

The Court first addresses Plaintiff's Motion to Amend/Correct Second Amended Complaint. Federal Rule of Civil Procedure 15(a) provides that amendment to a complaint shall be granted "freely when justice so requires." "Denial is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990) (citing *Moore v. Kayport Packaging Exp. Inc.*, 885 F.2d 531, 538–39 (9th Cir. 1989)). In this case, Plaintiff does not appear to be acting in bad faith and the Court cannot say that allowing amendment of his complaint would be clearly frivolous. However, the undue delay factor clearly weighs towards denial.

Plaintiff filed this lawsuit in 2022 and thus far this action has been riddled with procedural errors and inadequate filings by Plaintiff. At a certain point, the undue delay factor will outweigh the other factors in the amendment analysis. However, the Court recognizes that Plaintiff proceeds *pro se* and has been making best efforts to comply with court rules. At a cursory glance, Plaintiff's Third Amended Complaint ("TAC") appears to spell out his claims in a far more comprehensible and organized manner than his previous complaints.[1] Thus, the factors weigh in favor of allowing Plaintiff to file his TAC. Plaintiff's Motion to Amend/Correct Second Amended Complaint is granted, and he will be permitted to file the TAC.

## II.   Defendants' 41(b) Motions to Dismiss

Next, the Court will address Defendants' 41(b) Motions to Dismiss, (Docs. 53, 58). Defendants' first 41(b) Motion argues that Plaintiff's action should be dismissed primarily because Plaintiff's Response to Defendants' Motion to Dismiss does not comply with the Local Rules. (*See* Doc. 53 at 5). Specifically, Defendants have alleged that Plaintiff's response was not broken up into two separate seventeen-page responses to each of the motions to dismiss as required by the Court's April 18, 2024 Order, (Doc. 50). Additionally, Defendants claim that Plaintiff's attachment of the TAC to his response was improper among other issues. (Doc. 53 at 5–6). Defendants' second 41(b) Motion argues that the TAC contains multiple pages of single-spaced text, the font size is incorrect, and the TAC is meandering and does not meet the "short and plain statement of the claim" requirement. (Doc. 58 at 2).

Under Rule 41(b), a district court has authority to dismiss a plaintiff's action because of his failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). In determining whether Plaintiff's failure to comply with the Court's Orders warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of

---

[1] This Order should not be interpreted as opining on the merits or adequacy of the TAC.

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

For the reasons stated earlier in this Order, the Court will allow Plaintiff to amend his complaint and file the TAC. While the Court recognizes that allowing another amendment to the Complaint results in a less expeditious result and additional time and resources from Defendants in responding to another complaint, the Court finds that the public policy of disposition of cases on their merits outweighs those factors.[2] With that in mind, less drastic sanctions exist. In consideration of the time and considerable resources expended by Defendants thus far in this litigation—and Plaintiff's inability to comply with numerous Court Orders[3] and thus creating the extended timeline of this case—the Court will allow Defendants to move for their attorneys' fees to date, excluding fees associated with their initial response to Plaintiff's first Complaint, (Doc. 1). Any such motion is due within 30 days of the date of this Order.

## III. Defendants' Motion to Dismiss and Motion to Strike

Finally, the Court addresses the remaining motions. First, Defendants' Motion to Dismiss the Second Amended Complaint, (Doc. 35), is denied as moot due to Plaintiff's showing of good cause to file the TAC. Second, Plaintiff filed an improper response at Doc. 61 that seems to respond to Defendants' Reply at Doc. 60. Plaintiff is permitted a single response to a motion under Local Rule of Civil Procedure 7.2. No Federal Rule of Civil Procedure or Local Rule permits Plaintiff to file the response at Doc. 61 and thus this response will be stricken.

---

[2] The Court notes, however, that eventually the first three factors will outweigh the fourth and fifth should the current trend in this case continue.
[3] This includes Plaintiff's most recent procedural misstep—filing an improper response at Doc. 61.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend/Correct Second Amended Complaint, (Doc. 55), is **GRANTED**. The Clerk of the Court shall file the Third Amended Complaint currently filed at Doc. 55-1. Defendants shall answer or otherwise respond to the Third Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' 41(b) Motions to Dismiss, (Docs. 53, 58) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. 35, 36), is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Response, (Doc. 62), is **GRANTED**. The Clerk of the Court shall **STRIKE** Plaintiff's Response at Doc. 61.

Dated this 7th day of June, 2024.

_____
James A. Teilborg
Senior United States District Judge