**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Rosenbaum,<br><br>        Plaintiff,<br><br>v.<br><br>Bank of America NA, et al.,<br><br>        Defendants. | No. CV-22-02072-PHX-JAT<br><br>**ORDER** |

Levi Rosenbaum ("Plaintiff") appeals this Court's judgment dismissing his case. (Doc. 82). The United States Court of Appeals for the Ninth Circuit referred the matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. 90 at 1).

**I.    Background**

Since Plaintiff filed his initial complaint in 2022, this action has been riddled with procedural errors and inadequate filings by Plaintiff. Nonetheless, recognizing that Plaintiff proceeds *pro se*, the Court allowed Plaintiff to amend his complaint three times.[1] (*See generally* Doc. 64).

Plaintiff's third amended complaint alleged various causes of action stemming from

---

[1] The first time the Court allowed amendment, the Court liberally construed Plaintiff's complaint as arguably non-frivolous. However, after multiple amendments, and Plaintiff's failure to cure, it has become clear that Plaintiff's claims are frivolous.

his employment at Bank of America. (*See generally* Doc. 65). Plaintiff alleged seven claims against Bank of America, including retaliation, discrimination based on various protected classes, "unfair hiring and promotion practices," and "employment term violations." (*See generally* Doc. 65). Plaintiff also alleged complaints against MetLife and Sedgwick, Bank of America's benefit claim administrators. (*See generally* Doc. 65). These claims included "negligence and omission," "wrongful denial of leave benefits," and "failure to consider evidence." (*See generally* Doc. 65). The Court considered Plaintiff's third amended complaint on motions to dismiss. (Doc. 76, 77).

## II.   Legal Standard

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For an appeal to be "taken in good faith," at least one issue or claim must be non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). For a claim to be "non-frivolous," the claim must have some "arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

## III.   Analysis

Plaintiff's appeal of the Court's judgment dismissing his case does not raise any non-frivolous issues or claims. Most of Plaintiff's claims against Bank of America are time-barred. For the claims not time-barred, Plaintiff either did not exhaust his administrative remedies as required, did not plead facts sufficient to state a claim, or failed to state a cognizable legal theory. The Court's detailed reasoning can be found at Docket 82. Because Plaintiff's claims have no arguable basis in fact or law, the claims are frivolous. Moreover, none of Plaintiff's failures can be cured because: (1) Plaintiff had three chances to amend his complaint; (2) each complaint had the benefit of being adversarially tested; (3) Plaintiff declined to meet and confer with Defendants (Doc. 73 at 3-4); and (4) Plaintiff did not allege any new facts with each amended complaint.

## IV.   Conclusion

**IT IS ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3), that an appeal of the Court's September 12,

2024 order and judgment would not be taken in good faith. (*See* Doc. 90).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall immediately notify the Ninth Circuit Court of Appeals and the parties of this denial. *See* Fed. R. Civ. P. 24(a)(4). The Clerk of the Court must indicate that this Order relates to the Ninth Circuit Court of Appeals docket number 24-6360.

Dated this 8th day of November, 2024.

James A. Teilborg
Senior United States District Judge

- 3 -