**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Rosenbaum, | No. CV-22-02072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

Pending before the Court is Levi Rosenbaum's ("Plaintiff") Motion to Reconsider and Set Aside Judgment, which the Court construes as a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) or, alternatively, as a Motion for Relief from the Judgment under Federal Rule of Civil Procedure 60.[1] (Doc. 86). Also pending before the Court is Plaintiff's Motion for Leave to Appeal. (Doc. 88). Defendants filed a Response addressing both motions. (Doc. 91).

**I.   Analysis**

   **a.  "Motion to Reconsider and Set Aside Judgment"**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, because Plaintiff filed a notice of appeal, (Doc. 87), this Court

---

[1] Plaintiff fails to allege any legal basis for his Motion to Reconsider and Set Aside Judgment. (Doc. 86). Nonetheless, in "continu[ing] to construe *pro se* filings liberally," the Court will still analyze the Motion under Federal Rules of Civil Procedure 59(e) and 60(b). *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

does not have jurisdiction over the motion. There are two relevant exceptions, as analyzed below.

### i. Rule 59(e)

A notice of appeal is ineffective if it is filed while a Federal Rule of Civil Procedure 59(e) motion is pending. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984)) ("The filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment' for purposes of an appeal . . . [such that] there is no longer a final judgment to appeal from."). Under Rule 59(e), "[a] motion to alter or amend a judgment **must** be filed no later than **28** days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Courts cannot "extend the time to act" under Rule 59(e). Fed. R. Civ. P. 6(b)(2).

Here, Plaintiff did not file the motion within the requisite 28-day period. The Court entered judgment on September 12, 2024. (Doc. 82). Plaintiff filed this motion on October 12, 2024, **30** days after the Court entered judgment. Thus, the motion is untimely, the notice of appeal is effective, and the Court does not have jurisdiction over this motion.

### ii. Rule 60

If a party files a notice of appeal *and* files "for relief under Rule 60 . . . within the time allowed for filing a motion under Rule 59," the notice of appeal becomes effective *after* the court rules on the pending motion under Rule 60. FRAP Rule 4(a)(4)(A)(vi), 4(a)(B)(i).

Here, Plaintiff filed a notice of appeal (Doc. 87) *and* filed for relief under Rule 60 in the pending motion. (Doc. 86). However, as discussed above, this motion was not filed within the time allowed for filing a motion under Rule 59 because it was filed 30 days after the entry of judgment. Thus, the notice of appeal is effective now. Because the notice of appeal is effective, this Court does not have jurisdiction over the motion. While the Court recognizes it must "construe *pro se* filings liberally," because the Court does not have jurisdiction over this motion, the Court will not alternatively consider the motion on the

merits under Rule 60(a) or Rule 60(b). *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**b. "Motion for Leave to Appeal"**

Aside from the first sentence, which asks the Court to "remedy the ruling with [the] set aside judgment motion [or] if that is not granted, [grant] leave of appeal," this motion is identical to Plaintiff's Notice of Appeal. (*Compare* Doc. 87 (notice of appeal) with Doc. 88 (pending motion)). The Court sees no legal basis for this redundant motion and will deny it without prejudice.

**II.  Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider and Set Aside Judgment (Doc. 86) is denied without prejudice for lack of jurisdiction.[2]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal (Doc. 88) is denied without prejudice.

Dated this 13th day of November, 2024.

James A. Teilborg
Senior United States District Judge

---

[2] *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely [Rule 60] motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion").

- 3 -